

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/6/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAMPSON L. COX,

Plaintiff,

-against-

CHIEF DOCTOR JOHN MORLEY, *et al.*,

Defendants.

---

20-CV-7381 (NSR)

PARTIAL TRANSFER ORDER &
ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff, currently incarcerated at Great Meadow Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants have denied him adequate medical care. By order dated September 16, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] Plaintiff asserts claims arising at three correctional facilities (Sullivan, Great Meadow, and Clinton), and he sues correctional facility medical staff and officials of the New York State Department of Corrections and Community Supervision (DOCCS) in Albany. Plaintiff seeks immediate injunctive relief in the form of medical treatment outside of Great Meadow Correctional Facility. He also seeks money damages.

For the reasons set forth below, the Court severs Plaintiff's claims arising at Great Meadow and Clinton and transfers those claims to the United States District Court for the Northern District of New York. Plaintiff's claims arising at Sullivan Correctional Facility will remain in this District.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

**BACKGROUND**

The complaint sets forth the following allegations. Plaintiff contracted a sexually transmitted disease (STD) in 2001, and he has experienced a number of painful and distressing symptoms since then, including a "round bump on his inner thigh" that "leaked pus[]," white patches on his skin, and a "deep burning" on his "private parts," scalp, and other parts of his

2

body.[2] The date of onset of these symptoms is not clear, but the complaint discusses events beginning in early 2018, when Plaintiff was incarcerated at Clinton. He was transferred to Sullivan Correctional Facility on May 29, 2019, and in late 2019, Plaintiff was transferred to Great Meadow, where he remains. Although Plaintiff has had multiple appointments with medical staff while in DOCCS custody, none of the doctors or nurses have taken his complaints seriously. (ECF No. 2 ¶¶ 1-44.) On June 21, 2019, Plaintiff was taken to Montefiore Mt. Vernon for an M.R.I. All Plaintiff says about that visit is that he saw a nurse, the M.R.I. technician, and a doctor, the latter of whom "left in a hurry." (ECF No. 2 ¶ 24.)

Plaintiff seeks an order directing DOCCS to provide him with immediate medical treatment outside of the correctional facility.[3] (ECF No. 4.) Plaintiff also moves for the permissive joinder of defendants under Federal Rule of Civil Procedure 20(a)(2). (ECF Nos. 7, 8.) Attached to the complaint are more than forty pages of medical records, grievances, and responses. (ECF No. 2 at 35-81.) Plaintiff names the following defendants: (1) at Sullivan Correctional Facility, Dr. Mikhail Gusman; Dr. Yelena Korobkova; Nurse Assistant Constance Lescano; Nurse Kyle Henry; Nurse Judith Ann Camara; Nurse Abigail Yerkes; Nurse Administrator Diane Hinton; Nurse Carol Chiocci; and Superintendent William Keyser (2) at

---

[2] According to the DOCCS inmate lookup, Plaintiff has been in DOCCS custody since 2013.

[3] Plaintiff filed a prior case, *Cox v. Adams*, No. 18-CV-10152 (KMK), against DOCCS employees at Clinton Correctional Facility, Sullivan Correctional Facility, and in the DOCCS Albany office. On February 4, 2020, after Defendants moved to dismiss the third amended complaint (ECF Nos. 195-196), Judge Karas granted Plaintiff's motion to voluntarily dismiss the matter without prejudice under Fed. R. Civ. P. 41(b). (ECF No. 208.) That same day, Plaintiff submitted a letter to the Court seeking to withdraw his Rule 41(b) motion. (ECF No. 207.) The Court scheduled a telephone conference for the week of May 11, 2020 (ECF No. 209), but the docket does not indicate whether a hearing took place and, if so, what the outcome was.

Great Meadow Correctional Facility, Dr. David Kanady (3) at Clinton Correctional Facility, Dr.

Susan Devlin-Varin (4) at the DOCCS Albany headquarters, Chief Doctor John Morley; Chief

Doctor Carol Koenigsmann; Dermatologist Miranda Zander; and Acting Commissioner Anthony

Annucci (5) Governor Andrew Cuomo (6) at Montefiore Mt. Vernon, three Doe defendants.

## DISCUSSION

### A.    Severance of Claims Arising in the Northern District

Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and

parties, respectively. Rule 18 permits a plaintiff to join as many claims as he has against a

particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not

pursue unrelated claims against multiple defendants. *Deskovic v. City of Peekskill*, 673 F. Supp.

2d 154, 167 (S.D.N.Y. 2009).

Rule 20(a)(2) permits a plaintiff to join multiple defendants in one action if: (A) any right

to relief is asserted against them jointly, severally, or in the alternative arising out of the same

transaction, occurrence, or series of transactions . . . ; and (B) any question of law or fact

common to all defendants will arise in the action. Although courts have interpreted Rule 20(a)

liberally to allow related claims to be tried within a single proceeding, *Barr Rubber Products Co.*

*v. Sun Rubber Co.*, 425 F.2d 1114, 1126-27 (2d Cir. 1970), "the mere allegation that Plaintiff was

injured by all Defendants is not sufficient to join unrelated parties as defendants in the same

lawsuit pursuant to Rule 20(a)," *Deskovic*, 673 F. Supp. 2d at 167.

Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own,

the court may at any time, on just terms, add or drop a party. The court may also sever any claim

against a party." Fed. R. Civ. P. 21. In determining whether to sever a claim, the court considers

"the two requirements of Rule 20 and additional factors, including (1) whether severance will

4

serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (relying on *Laureano v. Goord*, No. 06-CV-7845, 2007 WL 2826649, at *8 (S.D.N.Y. Aug. 31, 2007)). Put another way, courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Kalie v. Bank of Am. Corp.*, No. 12-CV-9192 (PAE), 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979)).

Joinder of the Sullivan Defendants with Defendants at Great Meadow, Clinton, and the DOCCS Albany offices does not comport with Rule 20(a). Although the claims relate to the same medical condition, there is at least a two-year time span during which these events occurred, and the allegations involve different defendants and events. The claims arising at Sullivan are thus not logically connected to Plaintiff's other claims. *See, e.g.*, *Smith v. Goord*, No. 04-CV-6432, 2006 WL 2850597, at *3 (W.D.N.Y. Sep. 22, 2006) (disallowing joinder of claims against defendants at different correctional facilities where there was no suggestion that original defendants were involved in the actions taken against plaintiff in a different facility more than one year later); *Webb v. Maldanado*, No. 3:13-CV-144 (RNC), 2013 WL 3243135, at *3 (D. Conn. June 26, 2013) ("Unrelated claims against different defendants belong in different suits . . . to prevent the sort of morass" created by a complaint with more than twenty defendants and countless unrelated claims.") (quotation and citation omitted).

For these reasons, the Court concludes that it is appropriate to sever Plaintiff's claims arising at Sullivan from his claims arising at Great Meadow and Clinton, and the claims against DOCCS officials in Albany.

**C.     Transfer of Claims Arising in the Northern District**

When a court orders the severance of claims, it creates two or more separate "actions," and the court may transfer one separate action while retaining jurisdiction of another. *Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968).

Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

The events giving rise to Plaintiff's claims at Great Meadow and Clinton, and the claims against DOCCS officials in Albany, occurred in Washington, Clinton, and Albany County, respectively, all of which are located in the Northern District of New York. *See* 28 U.S.C. § 112(a). It is unclear from the complaint whether all defendants reside in New York or whether any defendant resides in this District. Venue for Plaintiff's claims arising in Great Meadow and Clinton and his claims against the DOCCS Albany officials do not appear to be proper in this District under § 1391(b)(1) or (2).

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

6

"District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the

plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer of the severed claims appears to be appropriate in this case. The events underlying the severed claims occurred in counties falling within the Northern District of New York. *See* 28 U.S.C. § 112(a). Plaintiff is currently incarcerated in Great Meadow Correctional Facility, and he seeks immediate injunctive relief. Venue for the severed claims is therefore proper in the Northern District of New York. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer the severed claims to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a). Plaintiff's claims arising at Sullivan will remain in this District.

## D.     Request for Order to Show Cause

Plaintiff has filed a proposed order to show cause, seeking a preliminary injunction and temporary restraining order. Plaintiff asks for immediate medical treatment outside of Great Meadow. (ECF No. 6 at 1.)

To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

8

Plaintiff alleges that he is being denied adequate treatment for symptoms arising from an STD that he contracted in 2001, and he seeks an order directing DOCCS to provide medical treatment outside of the correctional facility to address those symptoms. On these allegations, the Court finds that Plaintiff has not carried his burden to show that he will suffer irreparable harm if he is not awarded the extraordinary and drastic remedy of preliminary injunctive relief. The Court therefore denies the motion without prejudice to Plaintiff's renewing his application in the Northern District of New York.

**E.     Defendants Located in this District**

1.     Doe Defendants

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[4]

Plaintiff names three Doe Defendants at Montefiore Mt. Vernon, where he went for an M.R.I., but there are no facts in the complaint suggesting that any of those individuals were personally involved in violating his constitutional rights. Plaintiff's claims against the Doe defendants are dismissed for failure to state a claim on which relief may be granted. Should there be additional facts to support a § 1983 claim against those defendants, Plaintiff may assert them in an amended complaint.

2.      Order of Service

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Sullivan Correctional Facility Defendants Dr. Mikhail Gusman, Dr. Yelena Korobkova, Nurse Assistant Constance Lescano, Nurse Kyle Henry, Nurse Judith Ann Camara, Nurse Abigail Yerkes, Nurse Administrator Diane Hinton, Nurse Carol Chiocci, and Superintendent William Keyser through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for each of these defendants. The Clerk of Court is further instructed to issue a

---

[4] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court denies the order to show cause and the motion for permissive joinder of defendants under Federal Rule of Civil Procedure 20(a)(2), and the Clerk of Court is directed to terminate them. (ECF Nos. 4, 7.)

The Clerk of Court is further directed to sever the claims against Dr. David Kanady, Dr. Susan Devlin-Varin, Chief Doctor John Morley, Chief Doctor Carol Koenigsmann, Dermatologist Miranda Zander, Acting Commissioner Anthony Annucci, and Governor Andrew Cuomo, and transfer the action involving those defendants, under 28 U.S.C. § 1404(a), to the United States District Court for the Northern District of New York.[5]

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants Dr. Mikhail Gusman, Dr. Yelena Korobkova, Nurse Assistant Constance Lescano, Nurse Kyle Henry, Nurse Judith Ann Camara, Nurse Abigail Yerkes, Nurse Administrator Diane Hinton, Nurse Carol Chiocci, and Superintendent William Keyser and

---

[5] Plaintiff's claims against the following Sullivan Defendants will remain in this District: Dr. Mikhail Gusman, Dr. Yelena Korobkova, Nurse Assistant Constance Lescano, Nurse Kyle Henry, Nurse Judith Ann Camara, Nurse Abigail Yerkes, Nurse Administrator Diane Hinton, Nurse Carol Chiocci, and Superintendent William Keyser.

deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     October 6, 2020
           White Plains, New York

_____
            NELSON S. ROMÁN
         United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.   Dr. Mikhail Gusman, Sullivan Correctional Facility
     P.O. Box 116
     Fallsburg, N.Y. 12733-0116

2.   Dr. Yelena Korobkova, Sullivan Correctional Facility
     P.O. Box 116
     Fallsburg, N.Y. 12733-0116

3.   Nurse Assistant Constance Lescano, Sullivan Correctional Facility
     P.O. Box 116
     Fallsburg, N.Y. 12733-0116

4.   Nurse Kyle Henry, Sullivan Correctional Facility
     P.O. Box 116
     Fallsburg, N.Y. 12733-0116

5.   Nurse Judith Ann Camara, Sullivan Correctional Facility
     P.O. Box 116
     Fallsburg, N.Y. 12733-0116

6.   Nurse Abigail Yerkes, Sullivan Correctional Facility
     P.O. Box 116
     Fallsburg, N.Y. 12733-0116

7.   Nurse Administrator Diane Hinton, Sullivan Correctional Facility
     P.O. Box 116
     Fallsburg, N.Y. 12733-0116

8.   Nurse Carol Chiocci, Sullivan Correctional Facility
     P.O. Box 116
     Fallsburg, N.Y. 12733-0116

9.   Superintendent William Keyser, Sullivan Correctional Facility
     P.O. Box 116
     Fallsburg, N.Y. 12733-0116