```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___1/20/2023___
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMPSON COX,

                Plaintiff,

  -against-

DR. MIKHAIL GUSMAN, NURSE JUDITH ANN CAMARA, NURSE ABIGAIL YERKES, and DOCCS,

                Defendants.

7:20-CV-07381 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Sampson Cox ("Plaintiff"), proceeding *pro se*, commenced this action against Defendants Nurse Assistant Constance Lescano, Dr. Mikhail Gusman, Nurse Kyle Henry, Nurse Judith Ann Camara, Nurse Abigail Yerkes, Nurse Administrator Diane Hinton, Dr. Yelena Korobkova, Nurse Carol Chiocchi, and Superintendent William Keyser seeking relief for alleged constitutional violations pursuant to 42 U.S.C. § 1983 ("Section 1983") and for negligence in connection with Plaintiff's medical treatment at Sullivan Correctional Facility.[1] (Complaint ("Compl.") (ECF No. 2).)

On June 7, 2022, this Court granted Defendant's motion to dismiss Plaintiff's Complaint. (Opinion & Order (ECF No. 65).) This Court also granted Plaintiff leave to amend the Complaint in accordance with this Court's Opinion & Order.

---

[1] Plaintiff commenced the action bringing claims arising at three correctional facilities—Sullivan, Great Meadow, and Clinton. (ECF No. 2.) On October 6, 2020, this Court severed Plaintiff's claims arising from Great Meadow and Clinton correctional facilities and transferred those claims to the United States District Court for the Northern District of New York. (ECF No. 16.) This Court also dismissed claims against the three Jane Doe defendants. (*Id.*) Accordingly, only claims arising at Sullivan Correctional Facility against named defendants remain before this Court.

Plaintiff filed his Amended Complaint on August 22, 2022.  (Amended Complaint ("Am. Compl.") (ECF No. 72).)  In the Amended Complaint, Plaintiff brings claims against Dr. Mikhail Gusman, Nurse Judith Ann Camara, Nurse Abigail Yerkes, and the Department of Corrections and Community Supervision ("DOCCS") (collectively, "Defendants") for alleged constitutional violations pursuant to Section 1983.

I.     **Plaintiff's Claims against DOCCS**

Plaintiff names DOCCS as a Defendant in his Amended Complaint.  (*See generally* Am. Compl.)  In the Amended Complaint, Plaintiff seeks declaratory relief and monetary damages.  (Am. Compl. at 9.)

Plaintiff's claims under Section 1983 against DOCCS are barred by the doctrine of Eleventh Amendment immunity.[2]  "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity. . . ."  *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original).  "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state."  *Id.* (internal quotation marks and citation omitted).  This immunity shields States and their agencies

---

[2] By order dated September 16, 2020 (ECF No. 9), the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

Congress has not abrogated the States' immunity for claims under Section 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). And DOCCS, which is a state agency, is an arm of the State of New York. *See, e.g., Medina v. New York State Division of Parole*, No. 1:20-CV-3763, 2020 WL 3962011, at *2 (S.D.N.Y. July 12, 2020). In addition, the State of New York has not waived its immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 39–40 (2d Cir. 1977).

Accordingly, the Court dismisses with prejudice Plaintiff's claims against DOCCS under the doctrine of Eleventh Amendment immunity.

## II.     Plaintiff's Motion for Preliminary Injunction

Also before the Court is Plaintiff's motion for a preliminary injunction. (ECF No. 73.) Plaintiff asks this Court to issue an order "enjoining Defendants" and mandating Defendants "provide" Plaintiff "a chance to be seen in an outside hospital for an emergency medical evaluation" "due to skin that has been burning away since 2001," "non-stop body discomfort," "vision failure," "fever symptoms," and other "medical issues." (ECF No. 73 at 1.) Although this Court is sympathetic to Plaintiff's stated medical needs, this Court denies Plaintiff's motion because it seeks injunctive relief from employees at Sullivan Correctional Facility, where Plaintiff is no longer detained.

A prisoner's transfer from a correctional facility generally moots claims for declaratory and injunctive relief against officials of that facility. *Booker v. Graham*, 974 F.3d 101, 107 (2d Cir. 2020); *Walker v. City of New York*, 367 F. Supp. 3d 39, 51 (S.D.N.Y. 2019) ("In this circuit,

an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility.") (citing *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006)). Because Plaintiff was transferred from Sullivan Correctional Facility and is now incarcerated at Attica Correctional Facility (*see* ECF No. 84), any claims he seeks to assert for injunctive or declaratory relief are moot.

Accordingly, this Court denies Plaintiff's motion for a preliminary injunction.

## CONCLUSION

Plaintiff's claims against Defendant DOCCS are dismissed with prejudice.

Plaintiff's motion for a preliminary injunction is DENIED.

The Clerk of Court is respectfully directed to terminate Defendant DOCCS from the docket.

The Clerk of Court is further directed to terminate the motion at ECF No. 73.

The Clerk of Court is further directed to mail a copy of this Opinion & Order to *pro se* Plaintiff at his address listed on ECF and to show service on the docket.

SO ORDERED.

Dated:   January 20, 2023
         White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge