UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/08/2024
```

SAMPSON COX,

                      Plaintiff,

   -against-

DR. MIKHAIL GUSMAN et al.

                      Defendants.

No. 20-CV-7381 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff, Sampson Cox ("Plaintiff"), currently incarcerated at Sullivan Correctional Facility, brings this action under 42 U.S.C. § 1983, asserting claims of constitutionally inadequate medical care and failure to protect under the Eighth Amendment, and substantive and procedural due process claims under the Fourteenth Amendment. (*See* Amended Complaint ("Amend. Compl.") (ECF No. 72). Plaintiff sues three medical staff members employed by the New York State Department of Corrections and Community Supervision ("DOCCS"), including Dr. Mikhail Gusman, Nurse Abigail Yerkes, Nurse Judith Ann Camara, (collectively, "Defendants") as well as DOCCS.[1]

---

[1] Defendant DOCCS has not yet been served. (*See* Defendant's Memorandum of Law in Support of Their Motion to Dismiss the Amended Complaint, ECF No. 95 ("Defs.' MoL.") at 8.) "Before a court may exercise personal jurisdiction over a defendant, the procedural requirement of summons must be satisfied." *Deptula v.* Rosen, 558 F. Supp. 3d 73, 83 (S.D.N.Y. 2021) (quoting *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). "[T]he adequacy of service of process must be resolved 'before any merits-based challenge to the complaint.'" *Hines v. Roc-A-Fella Records,* LLC., No. 19-CV-4587 2020 WL 1888832 at *2 (S.D.N.Y. April 16, 2020) (quoting *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 442 n.7 (S.D.N.Y. 2016)). Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice." Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 12(b)(5). The Court therefore dismisses the action with respect to DOCCS for failure to serve.

1

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), the Defendants have moved to dismiss the Amended Complaint. ("Motion", ECF No. 94.) For the following reasons, Defendants' Motion is GRANTED.

## FACTUAL BACKGROUND

### A. Initial Skin Issues: May 2018

Upon Plaintiff's arrival to Sullivan Correctional Facility ("SCF") on May 16, 2018, Plaintiff was seen by Nurse Lescano to address skin burns with "symptoms of white patches." (Amend. Compl. ¶ 1.) Plaintiff further told Nurse Lescano that he received, "nonstop itching, stinging, (since 2001) vibrating, and tingly feelings to the body followed by patterns of depigmentation damage, deep burning that is causing indent(s) to the scalp and other parts of the body." (*Id.*) Additionally, Plaintiff explained that he had brown spots on his feet, twitching eyelids, and a lump on his testicle. (*Id.*) Finally, Plaintiff told Nurse Lescano about a 2002 blood test that had come back as positive for herpes 1. (*Id.*)

On May 29, 2018, a female nurse at SCF's Medical Unit saw Plaintiff. According to Plaintiff, this nurse observed white patches and patches of burnt skin on the Plaintiff's face. (*Id.* at ¶ 2.)

### B. Meetings with Defendant Gusman: June 2018 - November 2018

Defendant Doctor Gusman ("Defendant Gusman") denied Plaintiff's request for examination on three occasions. The first was on June 16, 2018. (*Id.* at ¶ 3.) The second was on October 13, 2018, when Plaintiff again sought to be examined by Defendant Gusman and emphasized experiencing "nonstop discomfort along with progressing occurring damage being caused." (*Id.* at ¶ 4.) Defendant Gusman ignored Plaintiff's request to be examined. (*Id.*) Finally, after two failed attempts, Plaintiff saw Defendant Gusman again on November 10, 2018. (*Id.* at ¶

5.) According to the Plaintiff, Defendant Gusman stated, "The state doesn't care," and dismissed Plaintiff without an examination. (*Id.*)

### C.  Meeting with Defendant Yerkes: March 2019

After about four months, Defendant Nurse Yerkes ("Defendant Yerkes") saw Plaintiff on March 1, 2019. (*Id.* at ¶ 6.) Plaintiff spoke with Defendant Yerkes about his condition, including his "ongoing battle with a progressing transmitted illness." (*Id.*) Plaintiff then requested that Defendant Yerkes examine the patches on his genitals. (*Id.*) Defendant Yerkes refused to examine Plaintiff. (*Id.*)

### D.  Meeting with Defendant Camara: April 2019

On April 12, 2019, Plaintiff was scheduled to see Defendant Nurse Camara ("Defendant Camara"). (*Id.* at ¶ 7.) When Defendant Camara entered the medical room, Defendant Camara shouted at Plaintiff, "I don't give a fuxk [*sic*] about your dixk [*sic*] balls or skin issues/complaints. This is how it is going to go, you are going to stop coming to the medical unit. If you don't, I am sending you to mental health." (*Id.*) Plaintiff once again left without an examination. (*Id.***)**

## PROCEDURAL HISTORY

Plaintiff filed the original Complaint on September 9, 2020 along with more than forty pages of medical records, grievances, and responses labeled as Exhibits A and B. (ECF No. 2.) Defendants filed a motion to dismiss the Complaint on May 11, 2021 (ECF No. 46) which the Court granted on June 7, 2022 (ECF No. 65). Plaintiff then filed an Amended Complaint on August 22, 2022. (ECF No. 72.) Defendants filed the instant Motion on April 28, 2023 (ECF No. 94), as well as a memorandum of law in support thereof ("Defs.' MoL.", ECF No. 95). Plaintiff did not file opposition papers. (*See* ECF No. 97.)

3

**LEGAL STANDARD**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether a complaint states a claim upon which relief can be granted, the court "begins by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but has not shown—that the pleader is entitled to relief. *Id.*

However, *pro se* complaints are held to less stringent standards than those drafted by lawyers. *Thomas v. Westchester County*, 2013 WL 3357171 (S.D.N.Y. July 3, 2013). Additionally, a *pro se* party's pleadings should be read, "to raise the strongest arguments that they suggest." *Id.* at 2. Applying the pleading rules permissively is especially appropriate when *pro se* plaintiffs allege civil rights violations. *Sealed Plainiff v. Sealed* Defendant, 537 F.3d 185, 191 (2d Cir. 2008). Even in a *pro se* case however, recitals of the elements of a cause of action with conclusory statements are not sufficient. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d. Cir. 2010).

**DISCUSSION**

Plaintiff's Amended Complaint alleges claims under the Eighth and Fourteenth Amendments. Specifically, Plaintiff asserts deliberate indifference to medical needs and failure to protect against a foreseeable risk under the Eighth Amendment. (Amend. Compl., Statement of the

4

Claim, ¶ 3.) Plaintiff also asserts that the Defendants violated Plaintiff's substantive and procedural due process rights under the Fourteenth Amendment. (*Id.* ¶ 4.) In the Motion, Defendants assert that (1) Plaintiff has failed to state a claim for any constitutional violation and (2) Defendants are entitled to qualified immunity. (*See* Defs.' MoL. at 1.)

I. **Eighth Amendment Claims**

A. **Medical Indifference**

The Eighth Amendment prohibits the infliction of cruel and unusual punishment, U.S. Const. amend. VIII, which includes the failure to provide incarcerated persons with adequate medical care, *Estelle v. Gamble,* 429 U.S. 97, 103-05 (1976). To state a claim for medical indifference, an inmate must show that (1) he had an objectively serious medical need, and (2) the defendant acted with subjective deliberate indifference, which measures whether the prison official acted with a sufficiently culpable state of mind. *Harrison v. Barkley*, 219 F.3d 132, 136–38 (2d Cir. 2000). Under the Eighth Amendment, a physician may be deliberately indifferent if she consciously chooses "an easier and less efficacious" treatment plan. *Williams v. Vincent,* 508 F.2d 541, 544 (2d Cir. 1974) (finding deliberate indifference where prison doctors chose to close a wound caused by the severing of plaintiff's ear rather than attempting to reattach the organ). For example, if a physician made an "intentionally wrong" recommendation "because of monetary incentives," *Chance v. Armstrong*, 143 F.3d 698, 704 (2d Cir. 1998), or proceeded with treatment where the risk was "obvious" and based on a particular "confluence of factors," including the defendant "proceeding with insufficient time, ignoring yells of pain, breaking the tooth, [and] repeatedly slipping and stabbing the area," *Gaffney v. Perelmuter*, 805 F. App'x 53, 57–58 (2d Cir. 2020), he could be liable. "[M]ere disagreement over the proper treatment" afforded to a prisoner,

5

however, is not sufficient to state an Eighth Amendment violation "[s]o long as the treatment given is adequate." *Chance*, 143 F.3d at 703 (internal citations omitted).

Based on the Amended Complaint and the documents incorporated therein,[2] the Court finds the allegations therein do not sufficiently plead inadequate medical care under the Eighth Amendment deliberate indifference standard. The gravamen of Plaintiff's complaint is that Defendants allegedly refused to "examine" Plaintiff and provide treatment for his medical needs. (*See* Amend. Compl. at ¶¶ 1-7.) But Plaintiff's claims are contradicted by the exhibits incorporated into his Amended Complaint, which indicate, by contrast, that Plaintiff *repeatedly* received care. (*See* ECF No. 2 at Ex. B., Grievance No. SUL-24541-18, filed Dec. 4, 2018 (indicating that Plaintiff was seen by medical staff "over 25 times since his arrival at Sullivan CF").) For example, Plaintiff alleges Defendant Dr. Gusman refused to examine him in 2018 (*id*. ¶ 4), but his medical records for that year indicate that Dr. Gusman performed multiple physical examinations on him and even prescribed medicine for Plaintiff's skin irritation and high blood pressure (ECF No. 2 at Ex. B., Grievance No. SUL-24541-18, filed Dec. 4, 2018). Plaintiff additionally claims in March 2019 that Defendants Yerkes told him to stop visiting the medical unit. (*See* Amend. Compl. ¶ 7.) But even if this were true, Plaintiff has not alleged that this statement contributed to a wholesale denial of treatment. On the contrary, Plaintiff continued to visit the SCF medical unit after Yerkes' alleged statement and receive medical attention and treatment from Defendants. (*See* ECF No. 2 at Ex. B., Grievance No. SUL-25345-19, filed September 26, 2019 (observing that Plaintiff's "medical issues are currently being addressed.")

---

[2] Plaintiff references the exhibits attached to his original Complaint (ECF No. 2) in his Amended Complaint (Amend. Compl. at ¶ 11), thereby incorporating them. A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co*., 62 F.3d 69, 72 (2d Cir. 1995) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991)). Accordingly, the Court considers these exhibits as part of its analysis.

Plaintiff's grievances make it clear that he was seen numerous times by the Defendant medical personnel and provided with extensive medical care. Perhaps Plaintiff would have preferred a different course of treatment – such as a different provider (*id.*) – but he "has not alleged facts that would allow us to plausibly infer that any alternative treatment plan would have been better overall, let alone that [Defendants] had any improper reason to eschew the better treatment," *Thomas v. Wolf*, 832 F. App'x 90, 93 (2d Cir. 2020). Nor has Plaintiff argued that Defendants "knew that the prescribed course of treatment would be ineffective," and still chose to follow it. *Tolliver v. Sidorowicz*, 714 F. App'x 73, 74 (2d Cir. 2018). Instead, Defendants timely responded to Plaintiff's written grievances and attempted to help him treat his skin irritation with medication. (*See, e.g.* ECF No. 2 at Ex. B., Grievance No. SUL-24633-18, filed Nov. 15, 2018.) Although Plaintiff may have found Defendants' medical care "unsatisfactory…, he did not go for any significant period of time *without* medical care." *Sledge v. Fein*, No. 11 CIV. 7450 PKC, 2013 WL 1288183, at *7 (S.D.N.Y. Mar. 28, 2013) (emphasis added).

In sum, Plaintiff's allegations against Defendants arise from disagreements over the proper course of medical treatment he should have received, an inquiry which the Second Circuit has found insufficient to create a constitutional claim absent allegations that the treatment given was inadequate. *See Chance*, 143 F.3d at 703. Accordingly, Plaintiff's Eighth Amendment medical indifference claim is dismissed for failure to state a claim. Because Plaintiff was previously granted leave to amend his medical indifference claim against Defendants (*see* ECF No. 65), this dismissal is with prejudice. *See Brock v. City of New York*, No. 21CIV3087PGGGWG, 2022 WL 17991618, at *2 (S.D.N.Y. Dec. 29, 2022).

### B. Failure to Protect

To state an Eighth Amendment claim for failure to protect, "a plaintiff must [first] show that he was incarcerated under conditions posing a substantial risk of serious harm, and [second] that prison officials acted with deliberate indifference to that risk and the inmate's safety." *Liverpool v. Davis*, 442 F. Supp. 3d 714, 728 (S.D.N.Y. 2020). Plaintiff's allegations regarding a failure to protect revolve around the same set of facts as Plaintiff's deliberate indifference claims – namely, Defendants' failure to provide him adequate medical care. (*See* Amend. Compl., Statement of the Claim, ¶¶ 2-3.) As a result, Plaintiff's failure to protect claim is duplicative of his deliberate indifference claim, and is dismissed on this basis. *See Bergeron Davila v. Schmalong*, 2017 WL 2275004 at *2 (E.D. Wis. May 24, 2017) (dismissing failure-to-protect claims as "duplicative of the already existing deliberate indifference claim"). Because Plaintiff was previously granted leave to amend his failure to protect claim against Defendants (*see* ECF No. 65), dismissal will be with prejudice. *See Brock*, 2022 WL 17991618, at *2.

## II. Fourteenth Amendment Due Process Claims

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Plaintiff seeks to bring substantive and procedural due process claims under the Fourteenth Amendment against Defendants. The Court analyzes each claim in turn.

### A. Procedural Due Process

To state a procedural due process claim, a plaintiff must show "(1) that Defendants deprived him of a cognizable interest in 'life, liberty, or property,' (2) without affording him constitutionally sufficient process." *Proctor v. LeClaire*, 846 F.3d 597, 608 (2d Cir. 2017). Here, Plaintiff neither delineates what cognizable property interest he held, nor how Defendants' process

8

in adjudicating that interest was constitutionally lacking. Because Plaintiff's procedural due process claim is entirely conclusory, the Court dismisses it with prejudice.

### B. Substantive Due Process

The substantive component of due process protects against arbitrary and oppressive exercises of government power. *Cnty. Of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). To prevail on a substantive due process violation, a plaintiff must demonstrate that the state's actions were "shocking, arbitrary, and egregious." *See Emerson v. City of New York*, 740 F. Supp. 2d 385, 391 (S.D.N.Y. 2010) (citation omitted). As with his procedural due process claim, Plaintiff does not name any property interest of which he was unconstitutionally deprived by Defendants. He additionally fails to explain how Defendants' actions were shocking, arbitrary, and egregious. Finally, Plaintiff does not make any specific allegations in support of his substantive due process claim. Instead, this claim appears to rest on the same allegations as his Eighth Amendment deliberate indifference claim. (*See* Amend. Compl., Statement of the Claim, ¶¶ 2; 4.) As the Court explained in previously dismissing the same claim, "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" (*See* ECF No. 65 at 18-19 (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994)). Because the Eighth Amendment "provides an explicit textual source of constitutional protection" against medical mistreatment, Plaintiff's Fourteenth Amendment substantive due process claim is dismissed with prejudice as to all Defendants.[3]

---

[3] Because the Court dismisses all of Plaintiff's claims, it does not reach the question of qualified immunity for any of the Defendants. *See Peterson v. Tomaselli*, No. 02 CIV. 6325 (DC), 2003 WL 22213125, at *8 (S.D.N.Y. Sept. 29, 2003).

## CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss is GRANTED and all claims are dismissed with prejudice. The Clerk of Court is kindly directed to terminate the motion at ECF No. 94, issue judgment in favor of Defendants, and close the case. The Clerk of Court is further directed to mail a copy of this Order to *pro se* Plaintiff at Plaintiff's address listed on ECF and to show service on the docket.

Dated: March 8, 2024　　　　　　　　　　　　　　　SO ORDERED:
White Plains, New York

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　NELSON S. ROMÁN
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge